## BROCKETT *v.* SAGENDORPH.

LIMITATION OF ACTIONS — INDORSEMENT ON NOTE — AUTHORITY — EVIDENCE.

> Plaintiff, who held defendant's note, wrote him that he would like to indorse upon the note, as a payment, the price of a cloak which plaintiff's daughter had purchased upon defendant's credit, with his consent. Defendant replied: "The cloak is not paid for yet; still, I shall try and take care of it." Plaintiff thereupon made the indorsement, and afterwards wrote defendant, advising him of the fact, to which letter defendant made no reply. *Held,* to support a finding that the indorsement was authorized, so as to arrest the running of the statute of limitations.

Error to Jackson; Peck, J.   Submitted April 7, 1898. Decided April 19, 1898.

*Assumpsit* by Lucius B. Brockett against Daniel P. Sagendorph upon a promissory note.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*D. P. & W. K. Sagendorph* (*Richard Price*, of counsel), for appellant.

*Williams & Lockton*, for appellee.

LONG, J.   This action was brought upon a promissory note of $285, dated December 31, 1884, due in three months.   It bore the following indorsements:

"Paid January 1, 1886, $38.00.
"Paid January 5, 1886, $1.00.
"Paid June 11, 1886, $15.55.
"Paid November 29, 1889, $25.34.
"Paid November 29, 1894, $35.00."

The plea was the general issue, with notice of the statute of limitations and set-off. The only question in the case is whether the indorsement of November 29, 1894, was authorized by the defendant, and the note thus taken out of the operation of the statute. The suit was commenced February 4, 1897. But two witnesses—the plaintiff and his daughter—were sworn in the case. Letters passing between the parties were also introduced by plaintiff. At the close of plaintiff's case, the defendant asked the court to direct the verdict in his favor. This was refused, and the question was submitted to the jury, who found a verdict in favor of plaintiff for the amount claimed.

It appears that the parties are brothers-in-law. The plaintiff lived in Battle Creek, and the defendant at Jackson. They had not seen each other since 1889. In October, 1894, the plaintiff's daughter visited defendant at Jackson, and, while there, asked the defendant for $50, saying that her father told her to get the money from him, and he would settle for it. Defendant did not have the money, but sent her to a store; where she purchased a coat, and he arranged for the payment with the storekeeper, and it was charged to him. She was directed by the plaintiff to get the money from defendant to purchase the coat. On November 22d plaintiff wrote defendant as follows:

"Anna spoke to me soon after her return from Jackson about the money she had from you, and I meant to have written, but did not find the time when I remembered it. * * * I would like to indorse the money Anna got on your note, if convenient for you; and, if you could help me still further, it would be a great favor. Please send more if you can. * * *"

Defendant answered this letter on November 27, 1894, as follows:

"I am in receipt of your letter of the 22d inst. Anna's cloak is not paid for yet; still, I shall try and take care of it.   *   *   *"

After this letter was received, the plaintiff indorsed upon the note the amount paid for the coat as of November 29, 1894; and he testified that he took the defendant's letter as giving him the authority to do so. It also appears that in March, 1893, plaintiff had written defendant, asking payment of the note. He also wrote defendant in February, 1896, that it must be paid, but heard nothing from him after the letter of November 27, 1894. The plaintiff testified that he wrote defendant after this last indorsement was made, telling him the amount due and the indorsements that had been made, including this indorsement of $35.

We think the court very properly left the question involved to the determination of the jury. They had the right to take into consideration all the circumstances surrounding the case, as well as the letters passing between the parties; and they were told by the court that, if they found from the circumstances, the testimony, and the letters that the defendant did not authorize this indorsement, the plaintiff could not recover.

It is contended, further, that the court was in error in stating to the jury that if the plaintiff notified defendant of the indorsement of November 29, 1894, they might take that fact into consideration, with other circumstances, in determining whether the defendant authorized the indorsement. The claim is that this charge was not warranted by the evidence. We think it was warranted by the record, and that the charge was properly given. The plaintiff's attention having been called to this indorsement, he testified that he "made the indorsement, and afterwards wrote to him in reference to it, telling the amount due, and showing the payments." He was asked: "Including the indorsement of $35?" Answer: "All indorsements."

We find no error in the case, and the judgment must be affirmed.

The other Justices concurred.